UNITED STATES v. KLINGENBERG.

(Circuit Court, S. D. New York. May 22, 1896.)

No. 1,169.

CUSTOMS DUTIES—VALUES OF ENTRIES—FOREIGN CURRENCIES.

An invoice of goods purchased in Austria stated the value in both florins and marks, florins being the legal currency of the country. The collector, on reducing both expressions of value, found that the florins gave $207, and the marks $240, and assessed the duty on the latter valuation. *Held*, that this was erroneous; that the value must be taken in the legal currency of the country where the purchase was made; and that this was not a mere question of appraised value, which could not be raised by protest. In re McCarty, 46 Fed. 360, followed.

This was an application by an importer of certain goods for a review of the decision of the board of general appraisers in respect to the amount of duties payable thereon.

The question involved arose under the customs administrative act of June 10, 1890. The importer entered certain china ware upon a pro forma invoice, made at Dux, Bohemia. The invoice stated the value of the merchandise both in florins and marks. The appraiser made his return by simply indorsing the invoice as correct. The importer, in making his entry, stated the value in florins. On reducing the value in both marks and florins to United States money, the collector found that the invoice value in marks gave $240 and the invoice value in florins gave $207.

He thereupon assessed the duties upon the value in marks, namely, $240. The board of general appraisers reversed this decision upon the ground that florins, not marks, were the legal currency of the Austrian empire, and the value in florins must be taken. At the trial before the circuit court it was contended in behalf of the government that this was purely a question upon the appraised value; that the importer could not raise it under a protest, and the decision of the collector was final; that the collector was bound to assess the duties upon the highest value stated in the invoice; also that the goods must be taken as actually purchased in marks, and it was therefore proper for the appraiser to make his return of valuation in marks, and for the collector to assess duty accordingly.

Henry D. Sedgwick, Jr., Asst. U. S. Atty.
W. Wickham Smith, for the importer.

TOWNSEND, District Judge. The questions presented in this case are so strikingly similar to those presented in Re McCarty, 46 Fed. 360, that that decision would seem to be controlling herein. The circumstances stated by counsel for the United States do not seem to so distinguish the respective provisions or so differentiate the facts as to call for the application of a different rule. After the conclusion of the argument, counsel for the United States filed a memorandum claiming that the questions herein are determined by the case of U. S. v. Klingenberg, 153 U. S. 93, 14 Sup. Ct. 790. In the absence of any opportunity to discuss this question upon the argument, I am not sufficiently familiar with the practice to pass upon the question therein involved. The decision of the general appraisers assessing the merchandise according to the valuation of the country of purchase and from whence imported is affirmed.